# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL DESANTO                          :
252 Masters Drive                        :
Pottstown, PA 19464                      :       CIVIL ACTION
                                         :
                    Plaintiff,           :       No.: _____
                                         :
        v.                               :
                                         :
IKEA NORTH AMERICAN SERVICES, LLC        :       **JURY TRIAL DEMANDED**
d/b/a IKEA                               :
420 Alan Road                            :
Conshohocken, PA 19428                   :
                                         :
                    Defendant.           :
_____:

## CIVIL ACTION COMPLAINT

Michael DeSanto (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Defendant Ikea North American Services, LLC (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000(d) *et. seq*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file this lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under Title VII, and the ADEA.  Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII, and the ADEA.

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under Title VII and the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

8.    Defendant Ikea North American Services LLC operates store locations nationally doing business as "IKEA" (selling home-furnishing(s) and other related products) and is headquartered in Conshohocken, Pennsylvania.

9.    At all times relevant herein, Defendant acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff was hired by Defendant on or about October 1, 2017, and at all times relevant *herein* worked as a "Recruitment Delivery Manager."

12.    At all times, Plaintiff was based out of Defendant's United States headquarters, which was their Conshohocken, PA location (address set forth in the Caption).

13.    In total, Plaintiff was employed by Defendant for a little less than three (3) years.

14.    As a Recruitment Delivery Manager, Plaintiff worked within Defendant's Human Resources Department supervising a group of direct reports in the "Talent Department," in all aspects of recruitment/hiring/retention.

15.    For nearly the entirety of Plaintiff's employment, he directly reported to Eleanor Tattar, Vice President of Succession Planning/Talent Manager.

16.    At all relevant times *herein*, Tattar directly reported to Philip Wellington, "Head of People" (Chief Human Resources Officer)("CHRO") for the United States.[2]

---

[2] Mr. Wellington at all times relevant *herein* reported to Defendant's President (US), one Javier Quinones.

17.     On or about May 11, 2020, Plaintiff commenced a federally-protected medical leave of absence under the Family and Medical Leave Act ("FMLA"), as he commenced paternity leave for the birth of his child.

18.     Plaintiff's paternity leave was formally approved by Defendant as FMLA-qualifying leave.

19.     At all times, Plaintiff's anticipated return date from FMLA was on or about August 3, 2020 (as Plaintiff was entitled to and intended to take his full 12-week federal entitlement).

20.     Importantly, prior to May 11, 2020, and prior to invoking his FMLA rights, Plaintiff was <u>never</u> counseled or disciplined once.

21.     In fact, on or about May 7, 2020 and less than 1 week before commencing his FMLA leave, Plaintiff had received his mid-year evaluation / review from his manager (Tattar).

22.     Tattar rated Plaintiff as generally *exceeding* expectations with significant positive praise.

23.     Therefore, the <u>only</u> intervening actions that resulted in Plaintiff's termination in mid-August of 2020 (when he was terminated) were: (a) his actual FMLA leave; and (b) subsequent expressed concerns of discrimination, as discussed *infra*.

24.     On or about June 2, 2020, Tattar was placed on an involuntary leave, pending an investigation; Plaintiff was not privy to the details of any "investigation" concerning Tattar.

25.     In fact, being on FMLA leave, Plaintiff had not learned of Tattar's involuntary leave as aforesaid until after-the-fact.

26.     While not required, Plaintiff was the type of employee who at least tried to stay in general touch with colleagues and management, even if during an FMLA leave.

27.     On or about July 15, 2020, Plaintiff contacted Katie Wagner ("Wagner"), a colleague in the same general position as Plaintiff and inquired about Tattar; Wagner informed

Plaintiff that she was unable to share any information and suggested Plaintiff contact Tanesha Carter (the interim replacement for Tattar)(and whose title was "Vice President of HR Operations and Continuous Improvement").

28.     Wanting to generally understand what was occurring in light of Plaintiff's anticipated return in a few weeks, he requested a call with Carter; Carter scheduled a call at 11 AM on July 16, 2020.

29.     To Plaintiff's surprise, Wellington participated in the call with himself and Carter. During this call (on 7/16/20), Plaintiff was informed:

- Tattar was no longer employed by Defendant (a separation which Plaintiff came to learn was on or about July 14, 2020, a few days earlier); and

- Carter was going to be Plaintiff's interim manager upon his return from FMLA leave (as he was scheduled to return on August 3, 2020).

30.     Plaintiff was later informed in the evening (of July 16, 2020) by way of a separate call that a complaint had been made about him and an investigation was being undertaken. This information was conveyed to Plaintiff by Phillip Wellington and Emily Wellington (a People & Culture Business Partner).

31.     *Roughly nine (9) business days prior to Plaintiff's return from FMLA leave* (and after being on such leave for about ten (10) weeks), Plaintiff was told that he was now under investigation (which ultimately delayed his return to work).

32.     Plaintiff was given no meaningful details other than being informed a third party would reach out to him.

33.     On or about July 24, 2020, Plaintiff was informed by Phillip Wellington that he needed to execute a confidentiality agreement (which Plaintiff did) and that Andrew Knauss (from the law firm of Potter & Murdock, P.C.) would interview Plaintiff.

34.     On or about July 31, 2020, Plaintiff was interviewed by Knauss and another attorney (Barbara Johnson). During his interview with Potter counsel:

- Plaintiff was questioned about his relationship with various other colleagues or management in general;

- Plaintiff was asked multiple times if he had contact with Tattar, with such questions somewhat inferring it was problematic if he had communicated with her in any manner;

- Plaintiff was asked about his qualifications and some general work matters; and

- Plaintiff was not informed of any follow-up or next steps, only that he would be contacted by Phillip Wellington for additional guidance.

35.     During his interview on July 31, 2020, Plaintiff also greatly emphasized his own discrimination concerns to Potter counsel. This "discrimination" component of his conversation and interview on July 31, 2020 is not identified in a bullet point above --- because it is simply too important to be potentially drown out by other immaterial, scattered, and abstract questioning Plaintiff endured.

36.     Plaintiff had a colleague on his team, one Richard Carsley (a/k/a "Rick"); Carsley was, in Plaintiff's opinion, discriminatory based upon age and gender in the workplace (and also with respect to hiring and candidates).

37.     Plaintiff had previously escalated his discrimination concerns to Tattar, and he reiterated such concerns with numerous examples to Potter Counsel on July 31, 2020.

38.     On or about August 10, 2020, Plaintiff participated in call with Phillip Wellington and Carter wherein they informed him that he could resume working the following day (on August 11, 2020).

39.     Notably, this alleged "investigation" delayed Plaintiff's legal entitlement of return from FMLA by over a week – and even as of this call (on 8/10/20) – Plaintiff was still never once informed of any actual concern that had supposedly been expressed about him; and, this of course,

was contrary to prior discussions with management wherein he was led to believe he would be informed of any specifics and have the opportunity to respond accordingly.

40.     On August 11, 2020, Plaintiff returned to work (after a near 14-week absence).

41.     After only having worked three (3) business days, Plaintiff was contacted by Phillip Wellington on or about August 17, 2020 (with Emily Wellington present); in this call, Plaintiff was informed: (1) Phillip Wellington made the decision to terminate him; and (2) "We are an at-will employer and do not need to give you a reason why," when Plaintiff pressed for any plausible explanation or rationale for his abrupt termination.

42.     Only after he was terminated did Plaintiff receive a "corrective action" identifying that he was terminated for *inter alia*: (1) being disrespectful at some point within a few days of his return from FMLA with colleagues; (2) various unspecified colleagues didn't like his management style; and (3) his unspecified actions created an "unsustainable working dynamic."

43.     Nothing about Plaintiff's termination made any sense, as he had generally great working relations with colleagues, was well respected by management, and had received significant praise pre-FMLA leave.

44.     In fact, Plaintiff's performance reviews, welcome-backs from colleagues, and prior surveys contradict any contrived allegations for his pretextual termination.

45.     Plaintiff had never been presented with any progressive warning or discipline; and being an HR professional, it was obvious the corrective action was nothing short of this company creating a fabricated "paper trail."

46.     Plaintiff therefore claims he was discriminatorily and retaliatorily terminated, and such unlawful reasons include but are not limited to: (a) his use of FMLA leave; (b) his complaints of (age and gender) discrimination in the workplace by Carsley; (c) Phillip Wellington being specifically upset with discrimination concerns having been expressed about Carsley, *whom he*

*was upon information and belief close with*; and (d) fabricating false reasons for terminations of HR personnel who were potential and actual witnesses for Tattar.

47.     Defendant Ikea has a pattern and practice of retaliating against its employees and terminated at least two (2) other employees in the same time frame who came forward with formal complaints of formal discrimination against Carsley, who were also "investigated" and abruptly terminated immediately thereafter (just as with Plaintiff).

### COUNT I
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Retaliation for Complaining of Gender Discrimination)

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Plaintiff engaged in protected conduct under Title VII on several occasions leading to his separation, but most recently on July 31, 2020.

50.     Plaintiff was terminated in close proximity thereafter for completely false and pretextual reasons.

51.     These actions as aforesaid constitute violations of Title VII.

### COUNT II
### Violations of the Age Discrimination in Employment Act ("ADEA")
### (Retaliation for Complaining of Age Discrimination)

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     Plaintiff engaged in protected conduct under ADEA on several occasions leading to his separation, but most recently on July 31, 2020.

54.     Plaintiff was terminated in close proximity thereafter for completely false and pretextual reasons.

55.     These actions as aforesaid constitute violations of the ADEA.

## COUNT III
## <u>Violation(s) of the Family and Medical Leave Act ("FMLA")</u>
### (Interference & Retaliation)

56.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.     At all times *herein* Plaintiff worked for Defendant, who was engaged in interstate commerce, and Plaintiff worked at least 1, 250 hours and more than 1 year when he commenced FMLA Leave on or about May 11, 2020.

58.     Plaintiff's FMLA was approved for a full twelve weeks as FMLA-qualifying leave.

59.     Defendant impermissibly interfered with Plaintiff's right to reinstatement upon his expiration of leave, impermissibly delayed his return to work without justification, and terminated him in retaliation for exercising his rights under the FMLA.

60.     All of Defendant's actions as aforesaid constitute interference and retaliation violations of the FMLA, and also unlawful dissuasion.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willlful,

deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

      D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

      E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  March 31, 2021

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Micheal DeSanto | : | CIVIL ACTION |
| v. | : |  |
| Ikea North American Services, LLC d/b/a Ikea | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| 3/31/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _252 Masters Drive, Pottstown, PA 19464_____

Address of Defendant: _420 Alan Road, Conshohocken, PA 19428_____

Place of Accident, Incident or Transaction: _Defendant's place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/31/2021_____ _____   ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _3/31/2021_____ _____   ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

DESANTO, MICHAEL

**(b)**  County of Residence of First Listed Plaintiff ___Montgomery___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

IKEA NORTH AMERICAN SERVICES, LLC D/B/A IKEA

County of Residence of First Listed Defendant ___Montgomery___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); ADEA (29USC621); FMLA (29USC2601)

Brief description of cause:
Violations of Title VII, ADEA, FMLA and the PA Human Relations Act.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   3/31/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |